# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| EDWARD D. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV407-101 |
| ) | |
| WILLIAM STEPHEN LEWIS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Edward Johnson has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On July 27, 2007, this Court granted Johnson leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of that order. Doc. 3. The Court informed him that his failure to return those forms would result in a recommendation that his complaint be dismissed. Johnson returned both forms before the deadline; therefore, the case is ready to proceed.

Congress set forth the procedures for handling civil actions filed by prisoners or other detainees in the Prison Litigation Reform Act (PLRA),

Pub. L. No. 104-134, 110 Stat. 1321 (1996). The PLRA authorizes federal courts to dismiss any action in which a plaintiff is proceeding *in forma pauperis* "if the court determines that . . . [the] action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Accordingly, the Court will examine Johnson's complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

According to his complaint, Johnson was convicted in a local state superior court on April 27, 1997 on two counts of distributing a controlled substance. Doc. 1. His complaint alleges that the evidence at trial was insufficient to support his conviction and that his trial attorney, William Lewis, provided him with ineffective assistance of counsel. Id. Johnson's complaint specifies three instances of Lewis' alleged ineffective assistance: (1) Lewis counseled Johnson not to testify on his own behalf; (2) Lewis did not object to the admission of a 1993 arrest warrant for shoplifting, although the warrant allegedly had been issued for a different Edward Johnson; and (3) Lewis failed to move for a new trial or file an appeal on

Johnson's behalf. Id. The trial court did, however, appoint a different attorney to handle Johnson's appeal. Id. Nevertheless, Johnson's conviction was affirmed. Johnson v. State, 504 S.E.2d 8 (Ga. Ct. App. 1998).

Johnson now contends that, because of the insufficiency of the evidence against him, he would not have been convicted if Lewis had provided effective assistance. Doc. 1. As a result, Johnson filed this complaint against Lewis, but the only relief Johnson requests is release from imprisonment. Id. For the reasons set forth below, the Court concludes that Johnson's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

The primary reason for dismissing Johnson's complaint is that § 1983 is not the proper avenue for a claim seeking release from imprisonment. When a state prisoner challenges the fact (rather than the conditions) of his confinement and seeks release from custody, "his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). Before Johnson can pursue federal habeas relief in this Court, he must first exhaust all available state remedies. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). But an applicant for federal habeas

relief has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Here, Johnson has conceded in his complaint that he has a petition for a writ of habeas corpus pending in state court. Doc. 1. In fact, the state court conducted an evidentiary hearing on that petition on May 16, 2007. Id. Therefore, he has not exhausted an available state remedy, and he must prosecute his state habeas petition to its conclusion before he can seek habeas relief in federal court.

Even if § 1983 were a proper avenue for the relief Johnson seeks, his claim is premature. According to Heck v. Humphrey, 512 U.S. 477 (1994), a § 1983 action that questions the validity of a criminal conviction does not accrue until the defendant's conviction has been overturned, either on direct appeal or through an appropriate collateral proceeding. Id. at 486–90. As evidenced by his state habeas proceeding, Johnson's conviction remains valid. Therefore, his § 1983 complaint is premature because it directly questions his state conviction.

Furthermore, even if § 1983 were the proper avenue for the relief Johnson seeks and his claim was not barred by Heck, the Court would still

find that his complaint should be dismissed under 28 U.S.C. §1915(e)(2) because he has not sued a state actor within the meaning of § 1983. The only defendant named in Johnson's complaint is his trial counsel, William Lewis. Doc. 1. To prevail in a § 1983 action, Johnson must show that he was deprived of a federal right by a person acting under the color of state law. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). But "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under the color of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318 n.7, 325 (1981). Therefore, Johnson cannot sue his defense attorney under § 1983. Moreover, Johnson's attorney lacks the authority to provide the relief Johnson is requesting—release from imprisonment.

Based on the foregoing, the Court concludes that Johnson has failed to state a claim under § 1983. His complaint should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 10*Th* day of **September 2007.**

**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

EDWARD D. JOHNSON, )
    Plaintiff, )
)
v. ) Case No. CV407-101
)
WILLIAM STEPHEN LEWIS, )
    Defendant. )

# **O R D E R**

After a careful <u>de</u> <u>novo</u> review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this _____ day of _____, 2007.

 

B. AVANT EDENFIELD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| EDWARD D. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV407-101 |
| ) | |
| WILLIAM STEPHEN LEWIS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this _____ day of _____, 2007.

B. AVANT EDENFIELD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA